<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | x x x | Cr. No. 04-499 |
| v. | x x | **OPINION** |
| FAREED, | x x | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the motion of defendant Fateen Fareed, pursuant to 18 U.S.C. 3582(c)(2), to modify his term of imprisonment imposed by the Undersigned on December 20, 2004. [Docket Entry No. 40.] The Government submitted a letter brief in opposition to defendant's motion and the Court has reviewed the parties submissions and the applicable law. For the reasons that follow, defendant's motion is **DENIED**.

**I.   FACTS**

   **A.   Background**

Defendant Fateen Fareed was charged by way of Information with having been convicted of a crime punishable by imprisonment for a term exceeding one year in a court in the State of New York and knowingly possessing a firearm, in violation of 18 U.S.C. 922(g)(1) and (2). Given his prior offenses, defendants' base offense level under the United States Sentencing Guidelines ("U.S.S.G.") was 24. <u>See</u> U.S.S.G. § 2K2.1(a)(2). On July 2, 2004, pursuant to a written plea agreement, defendant pled guilty to the charged offense. [Docket Entry No. 37.] By way of the plea agreement, defendant stipulated to the application of the United States

Sentencing Guidelines ("U.S.S.G."). (Plea Agreement at 6.) The plea agreement provided the applicable guideline is Section 2K2.1; the defendant possessed a firearm in connection with another felony offense, resulting in a 4 level increase under U.S.S.G. § 2K2.1(b)(5); and the weapon he possessed in connection with the charged offense had an obliterated serial number, resulting in a 2 level increase under U.S.S.G. § 2K2.1(b)(4). (Id. at 6, ¶¶ 1, 4-5.) It provided that defendant had accepted responsibility for the charged offense, making him eligible for a 2 level decrease if his acceptance of responsibility continues through sentencing. (Id. at 6, ¶ 6.) It further provided that defendant's timely notification of his intent to enter a guilty plea made him eligible for a decrease of 1 level if his offense level is 16 or greater. (Id. at 6, ¶ 7.) Based on the plea agreement, the total U.S.S.G. offense level for the charged offense was 27.

Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 27 and the defendant's criminal history category of IV, the guideline range for imprisonment was 130 to 162 months. 18 U.S.C. 922(g)(1) and (2), however, provide a maximum prison sentence of 120 months, which limited defendant's potential sentence pursuant to U.S.S.G. § 5G1.1(a). The plea agreement provided that defendant waived his right to appeal any sentence that is based on a total offense level is equal to or less than 23. (Id. at 7.) On December 20, 2004, the Undersigned sentenced defendant to the statutory maximum of 120 months in prison. [Docket Entry No. 39.] Defendant filed the instant application on December 8, 2005.

**B.     Defendant's Motion**

Defendant argues that, at the time of his guilty plea, he was not aware and his attorney did not advise him of U.S.S.G. Amendment 599, a guideline amendment that he argues operates to reduce his sentence. (Defendant's Brief at 2-3.) Specifically, defendant argues Amendment 599

2

"strictly forbids the use of an enhancement under U.S.S.G. § 2K2.1(b)(5), to enhance a sentence for possession, use, brandishing, or discharging of any firearm or ammunition in connection with another felony offense." (Id. at 2.)  Defendant further argues that a motion under Section 3582(c)(2) is proper procedure for reducing a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." (Id. at 3.)  For these reasons, defendant asks the Court to grant his motion, schedule an evidentiary hearing, appoint counsel, and recalculate his sentence. (Id. at 4-5.)

### C.     The Government's Opposition

In opposition, the Government argues defendant's motion should be denied because (1) while Section 3582(c)(2) allows a Court to modify a sentence based on a sentencing range that has been "subsequently" lowered, Amendment 599 went into effect nearly four years before defendant's sentence (Opposition at 1-2); and (2) Amendment 599 does not apply to U.S.S.G. § 2K2.1, the guideline under which defendant was sentenced (id. at 2).

## II.    DISCUSSION

The defendant's motion is denied because (1) 18 U.S.C. § 3582(c)(2) is an improper mechanism to obtain the relief sought; and (2) Amendment 599 is inapplicable to violations under 18 U.S.C. § 922(g)(1) and (2).

### A.     Defendant's Use of 18 U.S.C. § 3582(c)(2)

18 U.S.C.A. § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in

> section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Here, plaintiff argues that Amendment 599 qualifies as an amendment that effectually lowers the guideline range upon which his sentence was based. Amendment 599, however, went into effect on November 1, 2000 – nearly four years before the defendant was sentenced. Because Amendment 599 was in place before defendant was sentenced, he cannot recover the relief he seeks under Section 3582(c)(2).

### B.     Amendment 599's Affect on U.S.S.G. § 2K2.1

Even if Section 3582(c)(2) were the proper mechanism for defendant to pursue the relief he seeks, Amendment 599 does not affect the guideline under which defendant was sentenced. In <u>United States v. Jacobs</u>, No. Cr. 05-2711, 2006 WL 41234 (3d Cir. Jan. 6, 2006) (unpublished, non-precedential), the Court of Appeals for the Third Circuit held that Amendment 599 did not apply to defendants sentenced under U.S.S.G. § 2K2.1. The Court stated that:

> Amendment 599 . . expanded the commentary to U.S.S.G. § 2K2.4 on use of a firearm during or in relation to certain crimes. It was made retroactive pursuant to § 1B1.10. Amendment 599 was intended to clarify the circumstances in which a defendant sentenced for a violation of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the Guidelines for those other offenses. <u>See</u> U.S. Sentencing Guidelines Manual app. C, vol. II, at 69-71 (2003).
>
> Jacobs was convicted of violating § 922(g)(1). He was not charged with violating 18 U.S.C. § 924(c), and his sentence was not based on guidelines germane to that statute. Amendment 599 does not apply to or modify the guidelines under which he was sentenced.

<u>Jacobs</u>, 2006 WL 41234 at *1-2. As the Government's opposition points out, like the defendant in the <u>Jacobs</u> case, defendant Fareed was not charged with violating 18 U.S.C. § 924(c), but 18

4

U.S.C. § 922(g)(1) – an offense to which Amendment 599 does not apply. Accordingly, the Amendment 599 has no bearing on the guidelines under which defendant was sentenced and a modification is, therefore, unwarranted.

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion is **DENIED**.

March 8, 2006

s/Stanley R. Chesler
United States District Judge
